# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MINNESOTA LIFE INSURANCE COMPANY,

        *Plaintiff/Cross-Claim Defendant,*

vs.

KARLEY POWER, et al.,

        *Defendants/Cross-Claim Plaintiffs/Cross-Claim Defendants.*

Case No. 19-2637-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendant Karley Power's Motion to Dismiss Defendants Gerard Power and Jeff Moody (Doc. 26) from this interpleader action. For the following reasons, the Court denies the motion to dismiss.

### I.    Factual and Procedural Background[1]

Plaintiff Minnesota Life Insurance Company ("Minnesota") initiated this interpleader action under Rule 22 and 28 U.S.C. § 1335 to settle the proceeds of a life insurance policy (the "Policy") owned by Defendant International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO ("IBB") on the life of decedent Edward Power, a

---

[1] The following facts are taken from the well-pleaded allegations of the complaint and are accepted as true for purposes of this motion.

former IBB employee. The Policy was issued and managed by Minnesota. On May 11, 2019, Edward Power died, rendering the Policy's death proceeds (the res) payable.

As of March 1, 2010, Karley Power—Edward's daughter and a res claimant— was one of the Policy's designated beneficiaries. The designation read: "$500,000 to Karley Catherine Power, daughter; any remaining proceeds to the International Brotherhood of Boilermakers, Employer, Kansas City, KS, its successor or successors."[2] On May 10, 2019—the day before Edward's death—a form was submitted to Minnesota to change the beneficiary from Karley to the "Estate of Edward William Power," with any proceeds above $500,000 continuing to go to IBB.[3] Karley alleges that Gerard forged the beneficiary change form and unduly influenced Edward to authorize it. She further alleges that Edward lacked the legal capacity to execute the form and that neither Gerard nor Moody possessed the requisite authority to execute the form on his behalf.

Minnesota received notice that Karley, IBB, and the Estate of Edward W. Power (the "Estate"), by and through Gerard and Moody, are cross-claimants to the $500,000 of policy proceeds. In response, Minnesota initiated this interpleader action, which it is no longer a party to. The remaining parties agree that any Policy proceeds over $500,000 should go to IBB. They disagree whether the Policy beneficiary was properly changed. Karley now moves to dismiss Gerard and Moody, arguing that the Court lacks personal jurisdiction over them, or alternatively, that the complaint fails to state a claim upon which relief can be granted.

---

[2] Doc. 1-2, at 1.

[3] Doc. 1-3, at 1.

## II.     Legal Standard

### A.    Motion to Dismiss of Lack of Personal Jurisdiction

Under Rule 12(b)(2), a defendant may move for dismissal if the court lacks personal jurisdiction over him.[4] However, "if a party fails to assert the defense of lack of personal jurisdiction in his answer or pre-answer motion, he waives the defense."[5] "A personal defense may not be raised by another on behalf of a party."[6] A defendant may explicitly consent to the court's jurisdiction.[7] Alternatively, a defendant may implicitly consent to the court's jurisdiction by voluntarily appearing before the court and participating in the proceedings.[8]

### B.    Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[9] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[10] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[11] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature

---

[4] Fed. R. Civ. P. 12(b)(2).

[5] *ORI, Inc. v. Lanewala*, 147 F. Supp. 2d 1069, 1074 (D. Kan. 2001) (citing *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174–75 (10th Cir. 1992)); *see also* Fed. R. Civ. P. 12(h)(1).

[6] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

[7] *Butler v. Daimler Trucks N. Am., LLC*, 433 F. Supp. 3d 1216, 1235 (D. Kan. 2020) (citing *Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 766 (Fed. Cir. 2016)).

[8] *Id.*

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

of claims as well the grounds on which each claim rests.[12]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[13]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[14]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" [15]

### III.     Analysis

Karley first argues that the Court lacks personal jurisdiction over Gerard and Moody because Minnesota interpleaded them as representatives of the Estate although a probate court has not formally appointed them as such.  The Court concludes that it can exercise personal jurisdiction over Gerard and Moody.  First, Karley cannot raise the personal jurisdiction defense on behalf of another party.  Second, Gerard and Moody both implicitly consented to the Court's jurisdiction by initially participating in the proceedings and they now explicitly ratify that consent.  Third and finally, all parties waived the right to contest the Court's personal jurisdiction by omitting such defenses from their first responsive pleadings and by admitting to the jurisdictional paragraphs of the complaint.  As such, the Court concludes that it has personal jurisdiction over all parties to the case.

---

[12] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[13] *Iqbal*, 556 U.S. at 678–79.

[14] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[15] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

Karley alternatively argues that the Court should dismiss the complaint because it fails to state a claim. Rather than present new arguments relevant to the Rule 12(b)(6) standard, Karley simply rehashes her lack-of-personal-jurisdiction argument. She limits her motion to dismiss solely to Gerard and Moody and argues that they are not legal representatives of the Estate. In so doing, she merely rephrases the personal jurisdiction argument but provides no reason how the complaint fails to state a claim. Similarly, she argues that the Court should dismiss Gerard and Moody from this action because they have unclean hands. But in support of this point, Karley largely restates her futile personal jurisdiction argument. She argues that Gerard and Moody cannot be the Estate's legal representatives because they allegedly submitted an improper beneficiary change form to Minnesota. This is the crux of this action's factual dispute. Furthermore, Karley does not point to a defect in the complaint to support her position. To the extent that her unclean hands argument seeks an alternative ground for dismissal, the Court will not address it on the pleadings because it goes directly to the factual dispute of the case.[16] As such, the Court concludes that both Karley's Rule 12(b)(6) argument and her unclean hands argument lack merit.

**IT IS THEREFORE ORDERED** that Defendant Karley Power's Motion to Dismiss (Doc. 26) is **DENIED.**

---

[16] Karley also seeks default judgment against Gerard and Moody on the same grounds as her motion to dismiss. The Court denies Power's request for default judgment for the same reason it denies her motion to dismiss.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2020.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE