UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:19-cv-02637-EFM-TJJ |
| KARLEY POWER, et al., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

Defendant Karley Power filed a motion seeking to stay proceedings in this case until April 1, 2021, and to further extend the deadline for her to fully comply with the Rule 26(a)(2)(B) requirements for her expert disclosures.[1] Defendants Gerard Power, Jeff Moody, and International Brotherhood of Boilermakers did not oppose the motion for stay, which the Court granted without setting an expiration date for the stay.[2] However, all oppose further extension of Karley Power's deadline to produce her expert report.[3] KP did not file a reply in support of her motion, which is now ripe.

---

[1] ECF No. 78.

[2] *See* Defendants Gerard Power and Jeff Moody's Memorandum in Opposition to Defendant Karley Power's Motion to Stay Proceedings (ECF No. 80); Defendant International Brotherhood of Boilermakers Response in Opposition to Defendant Karley Power's Motion to Extend Time to Designate Experts (ECF No. 81); Order (text-only) (ECF No. 79).

[3] *See* ECF Nos. 80, 81. The Court will refer to the parties as follows: Karley Power (KP), Gerard Power (GP), Jeff Moody (JM), and International Brotherhood of Boilermakers (IBB).

1

The procedural history is undisputed. On September 14, 2020, the deadline for Defendants to make their expert disclosures, KP filed an unopposed motion for extension of time to file her expert disclosures, and the Court extended her deadline to September 29, 2020.[4] Although KP timely served her expert designation, she did not include the expert report as required by Fed. R. Civ. P. 26(a)(2)(B). GP and JM notified KP of their technical objection to her expert designation, but the parties' good-faith efforts to resolve the dispute were unsuccessful.

On October 27, 2020, the Court held a status conference which included discussion of this issue. Ultimately, the Court further extended until December 28, 2020 the deadline for KP to fully comply with the Rule 26(a)(2)(B) requirements for expert disclosures, but cautioned that there would be no more extensions.[5]

KP acknowledges the finality of the Court's statement. She also acknowledges that she not only missed the December 28 service deadline, but she did not seek its extension until four days later. KP offers no reason for her late filing, but addresses only the Scheduling Order amendment she seeks. She refers to previously disclosed unusual and extreme circumstances,[6] none of which she describes or explains how they might relate to her expert report. KP's motion offers a single reason for her failure to comply, which is that she lacks the ability to pay

---

[4] ECF Nos. 67, 68.

[5] *See* ECF No. 76.

[6] GP and JM express concern about the contents of a letter that KP's counsel sent to the undersigned Magistrate Judge via email which contained argument about the Canadian cases. GP and JM ask that it be stricken or that they be allowed to respond. The Court has not considered the contents of the letter in ruling on this motion.

2

for an expert report. She urges the Court not to preclude her ability to present expert testimony, asserting it would both hamper her and unjustly reward GP and JM.

KP does not address the legal standard the Court is to apply. A Scheduling Order may be amended only upon a showing of good cause.[7] "The 'good cause' standard primarily considers the diligence of the party. The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."[8] A party does not establish good cause by demonstrating lack of prejudice to the opposing party.[9]

While the Court is sympathetic to KP's asserted lack of resources, she portrays her financial situation as recently changed due to her mother's decision to stop funding this litigation. KP makes no showing of her due diligence to obtain the report before it was due. In her counterclaim and crossclaim, KP alleges that Edward W. Power lacked capacity and was unduly influenced prior to his death. She alleges that incapacity and undue influence were involved in his change of beneficiary for the life insurance proceeds at issue.[10] Certainly she has understood the importance of expert testimony to support her allegations, yet she presents no evidence of her due diligence to follow the steps necessary to procure it.

The parties seem to agree there is some chance that the Canadian cases may be resolved by April 1, 2021, which could facilitate final resolution of this case. The Court has previously

---

[7] Fed. R. Civ. P. 16(b)(4).

[8] *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (internal citation omitted).

[9] *Id.*

[10] *See* ECF No. 12.

expressed both the need to move this case along and an understanding of the countervailing reason to await movement in the Canadian cases to minimize attorney's fees that may diminish the insurance proceeds at issue. The Court finds that KP has not demonstrated good cause to amend the Scheduling Order to grant her additional time to serve an expert report, nor has she shown excusable neglect for failing to timely file her motion.[11] However, the Court will deny her motion without prejudice. If the Canadian cases are resolved by April 1, 2021, and if KP is able to confirm her ability to pay for and procure an expert report by April 8, 2021, she may renew her motion.

The Court directs the parties to **file** a joint status report no later than April 5, 2021. The Court will thereafter determine whether to lift the stay and reimpose deadlines.

**IT IS SO ORDERED**.

Dated this 1st day of February, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[11] *See* D. Kan. R. 6.1(a)(4) ("Parties must file the motion [for extension of time to perform an act] before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.").